## Case No. 1,277.

### The BELLONA.

[4 Ben. 503.][1]

District Court, S. D. New York. Feb. Term, 1871.

CARRIERS—DELIVERY OF CARGO—BILL OF LADING —EXCEPTION.

Raisins were shipped on a vessel, under a bill of lading which contained a clause exempting

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

the vessel from damage caused by "any act, neglect, or default of the pilot, master, or mariners," or from damage "resulting from stowage or contact with other goods, for leakage, breakage, damage caused by heavy weather, or pitching or rolling of the vessel, or defective packages," or for damage "arising through insufficiency of strength of packages." Part of the raisins came out in bad order, the tops and bottoms of the boxes being crushed by other cargo. They were re-coopered before being delivered. In each box were layers of raisins, with paper between. When they were delivered, raisins were missing from every box, and the papers in many of them were torn and soiled by finger marks: *Held*, that, notwithstanding the exceptions in the bill of lading, the vessel was liable for the value of the raisins not delivered, no account being given as to how the missing raisins disappeared.

[See Lyon v. Nine Hundred and Twenty-Eight Barrels of Salt, Case No. 8,648; The David and Caroline, Id. 3,593; The Santee, Id. 12,328; The Delhi, Id. 3,770; Carey v. Atkins, Id. 2,399; Willis v. The City of Austin, 2 Fed. 412.]

[In admiralty. Libel against the steamship Bellona for damages for failure to deliver a cargo. Decree for libellants.]

A. J. Heath, for libellants.
G. W. Wingate, for claimants.

BLATCHFORD, District Judge. In March, 1869, one Leask shipped at London, on board the steamship Bellona, 494 boxes of raisins, deliverable to order at New York, under a bill of lading, which was afterwards indorsed to the libellants. The libel alleges, that, after the payment of the freight money by the libellants, to the master or agents of the vessel, at New York, on the arrival of the vessel there, such master and agents neglected to deliver the goods to the libellants in the like good order and condition in which they were shipped. The libel also alleges, that, through the careless, negligent and improper stowage of the goods on board of the vessel, and discharge thereof from the vessel, and the want of proper care on the part of the owners, agents, master, officers and crew of the vessel, and of the persons employed by him or them, and by reason of his or their permitting 69 boxes of the raisins to be injured and damaged and broken open, the covers of the boxes to be torn off, and layers of the raisins to be taken from the boxes, and by reason of the non-delivery of the raisins, and the detention and injury to the same, the libellants have suffered damage to the amount of $500. The answer alleges, that the raisins were put up in very slight and insufficient packages; that they were properly stowed and discharged, without any carelessness, negligence or improper conduct on the part of the owners, agents, master, officers, or crew of the vessel, or of the persons employed by them; that, by reason of the pitching and rolling of the vessel, and the insufficiency in strength of the packages in which the raisins were contained, a small number thereof were, in such transportation, partially crushed or broken, but were at once repaired

with proper care by those having charge of the vessel; that a small portion of the raisins may have been lost out of the packages; that all of the raisins, except such small portion, were delivered to the libellants in the same apparent good order in which they were received, except one box, the value of which was allowed out of the freight money by the claimants; and that all but 69 of the boxes were receipted for by the libellants, as having been received in good order. The answer also avers, that, whatever damage happened to the goods was within the perils excepted by the bill of lading, which excepted perils the answer enumerates.

The bill of lading states, that the boxes were shipped in good order and well conditioned, and contracts for their delivery at New York "in the like good order and well conditioned," "damage by * * * improper stowage or otherwise, * * * and all accidents, loss and damage whatsoever, from * * * any act, neglect or default whatsoever of the pilot, master or mariners, being excepted, and the owners being in no way liable for any consequences of the causes above excepted." In another part of the bill of lading are the words: "Not answerable for * * * damage resulting from stowage or contact with other goods, for leakage, breakage, rust, mortality * * * damage caused by heavy weather, or pitching or rolling of the vessel, * * * or defective packages." In another part of the bill of lading are the words: "The vessel is not answerable for damages arising through insufficiency of strength of packages." The libel refers to the bill of lading as delivered to the shipper, and to a copy of it annexed to the libel.

The question in dispute is as to the liability for the loss of such raisins contained in the 69 boxes when shipped, as were not delivered to the libellants at New York. The evidence shows, that 69 boxes came out of the vessel in bad order, the tops and bottoms, that is, the two largest faces of the six faces, being broken more or less. Such breaking was caused by their being crushed by other cargo. After the 69 boxes were taken from the vessel, they were mended and re-coopered, and put in as good external order as was possible, at the expense of the vessel, before they were delivered to the libellants. There were three or four layers of raisins in each box, with paper between every two layers. Raisins were missing from every one of the 69 boxes, and the papers in many of them were torn and soiled by finger marks.

I think that, notwithstanding the exceptions in the bill of lading, the vessel is liable to respond for the value of such raisins actually shipped as were not delivered to the libellants. The claim of the libellants is not for damage to the raisins which were delivered, but for the loss and non-delivery of such as were not delivered. The claimants do not account for those which were not delivered, nor show anything, except that the materials

composing the 69 boxes were crushed by other cargo, caused perhaps by the pitching and rolling of the vessel in heavy weather. The intendment of the bill of lading, in describing the shipment as "boxes of raisins," must, in connection with the evidence, be held to be, that the boxes were filled with raisins in layers. The loss of raisins from the boxes being shown, the presumption of law is, that such loss was caused by the act or default of the carrier, and the burden of proof is upon him to show that the loss happened through a peril excepted in the bill of lading. Clark v. Barnwell, 12 How. [53 U. S.] 272, 280; Rich v. Lambert, Id. 347, 357; Nelson v. Woodruff, 1 Black, [66 U. S.] 156, 160. This burden the claimants in this case have undertaken. But, although they show that the boxes were broken and crushed by other cargo, and although the inference were proper, that there was improper stowage, or contact with other goods, or defectiveness or insufficiency of strength of packages, or heavy weather, or pitching or rolling of the vessel, which caused such breaking of the boxes, yet they do not show that the raisins disappeared and were lost through the mere breaking of the boxes. No evidence was given to show that raisins were found in the vessel outside of the boxes, having escaped -of themselves through the apertures caused by the breaking of the boxes. Nor do the claimants show that the raisins disappeared through any act, neglect or default of the pilot, master or owners, or by anything which can properly be called leakage. In fact, no account whatever is given by the claimants as to how or when the missing raisins disappeared, or might have disappeared.

The libellants do not satisfactorily show that any of the raisins were detained from them after the freight was paid. But, for the reasons above stated, the vessel must respond for such of the raisins in fact shipped in the 69 boxes as were not delivered, and a reference is ordered to a commissioner, to ascertain and report the value of the raisins so not delivered.